1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIA MARTINEZ, | **Case No. 1:21-CV-00965-JLT-SKO** |
| Plaintiff, | **ORDER FOR SUPPLEMENTAL BRIEFING RE: MOTION TO SUBSTITUTE PARTY** |
| v. | |
| ANIMAL HEALTH INTERNATIONAL, INC., a Colorado corporation; and DOES 1 through 50, inclusive, | **(Doc. 20)** |
| Defendant. | |

Julia Martinez filed this action in state court, alleging various employment discrimination, labor code, and wrongful termination claims under California law. (Doc. 1, Ex. A.) Defendant removed the case to this Court. (Doc. 1.) At the time this lawsuit was filed, Julia Martinez was still living; however, Ms. Martinez has since passed. (*See* Doc. 20, Ex. A (Death Certificate).) A Suggestion of Death was filed (Doc. 18) and served on Defendant on January 13, 2022, (Doc. 20, Ex. B), and on decedent's son, David Ramirez, on January 14, 2022, (*id.*, Ex. C). On January 14, 2022, Plaintiff, through counsel, filed a motion to substitute David Ramirez as the Plaintiff in this action. (Doc. 20.) No opposition was filed.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

1

> If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. *Maseda v. Saul*, 1:20-cv-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

This motion is timely, because it was filed within 90 days of the Suggestion of Death.[1] "The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-CV-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021). The Complaint pleads the seven claims under California Government Code § 12940, et seq. ("FEHA"): (1) disability discrimination, (2) gender (sex) discrimination, (3) age discrimination, (4) failure to prevent discrimination, (5) failure to accommodate; (6) failure to engage in interactive process; and (7) retaliation. (*See generally* Doc. 1.) The complaint also alleges: (8) failure to reimburse business expenses in violation of California Labor Code § 2802; (9) violation of California Labor Code § 1102.5; and (10) wrongful termination in violation of public policy. (*Id.*) These claims are not extinguished by Plaintiff's death. *See* Cal. Civ. Proc. Code § 377.20 ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's

---

[1] It is somewhat debatable whether the 90-day period ever began to run under the circumstances. Rule 25(a) "requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Rule 25 "was designed 'to inform *all* interested persons of the death so that they may take appropriate action.'" *Id.* (quoting 3B Moore's Federal Practice ¶ 25.06[2] (2d ed. 1991) (discussing the 1963 amendments to Rule 25) ) (emphasis added). Here, though Plaintiff's counsel represents that David Martinez is Plaintiff's son, it is unclear whether he is the *only* eligible successor. The Death Certificate, for example, names Celia Ramirez as Plaintiff's "daughter." Although Celia Ramirez may in fact be Plaintiff's daughter-in-law, it remains unclear whether David Ramirez is Plaintiff's only child or whether there are any other potentially interested parties. However, the primary concern in *Barlow* was whether a case should be *dismissed* because *no* successor or representative timely made a motion to substitute. That is not an issue here. The Court nonetheless discusses the lack of clarity regarding whether David Ramirez is the only successor in relation to the "proper party" element of the Rule 25(a)(1) analysis below.

death, but survives subject to the applicable limitations period.").

Where, as is the case here, a suit is based on diversity jurisdiction, "state law determines who is a 'proper party' for the purposes of Rule 25(a)(1)." *Bustillos v. N.H. Ball Bearings, Inc.*, No. CV 18-3017 PSG (JPRx), 2018 WL 6333680, at *2 (C.D. Cal. Nov. 6, 2018). Under California law, the decedent's personal representative or, if none, the decedent's "successor in interest" is the proper party to be substituted. *See* Cal. Civ. Proc. Code § 377.31. A decedent's "successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Pro. Code § 377.11. Relatedly, the term "beneficiary of the decedent's estate" in § 377.11 is defined as follows:

> (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.
>
> (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code or, if the law of a sister state or foreign nation governs succession to the cause of action or particular item of property, under the law of the sister state or foreign nation.

Cal. Civ. Pro. Code § 377.10. The Court has no information to indicate whether decedent died leaving a will. Even assuming she did not die leaving a will, the Court has no information that would permit it to determine whether David Ramirez is the "sole person" who would succeed Plaintiff under the California Probate Code. For example, if he has siblings, then the "beneficiary of the decedent's estate" would be "all of the persons" who succeed Plaintiff under the Probate Code. If David Ramirez is not the only beneficiary of the decedent's estate, Plaintiff offers no authority addressing whether it is appropriate for the Court to substitute only David Ramirez under Rule 25 and California Code of Civil Procedure § 377.31.

It is possible that this matter may be cured or explained by a supplemental filing. Therefore, the Court will hold the matter in abeyance and permit Plaintiff to supplement its motion to address the issues identified above.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court will hold Plaintiff's motion in abeyance to permit Plaintiff an opportunity to file a supplemental brief and/or declaration. Any such supplementary materials shall be filed within 30 days of the date of this order. If no such supplement is timely received, the motion will be denied without prejudice without further notice.

IT IS SO ORDERED.

Dated: __June 3, 2022__                        /s/ Jennifer L. Thurston
                                               UNITED STATES DISTRICT JUDGE