UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>ANIMAL HEALTH INTERNATIONAL, INC., et al.,<br><br>            Defendant. | **Case No. 1:21-CV-00965-JLT-SKO**<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE PARTY**<br><br>**(Doc. 20)** |

Julia Martinez filed this action on April 20, 2021, in state court, alleging various employment discrimination, labor code, and wrongful termination claims under California law. (Doc. 1, Ex. A.) Defendant removed the case to this Court on June 17, 2021. (Doc. 1.) On October 15, 2021, Ms. Martinez passed away. (*See* Doc. 20, Ex. A (Death Certificate).) A Suggestion of Death was filed (Doc. 18) and served on Defendant on January 13, 2022, (Doc. 20, Ex. B), and on decedent's son, David Ramirez, on January 14, 2022 (*id*., Ex. C).

On January 14, 2022, Plaintiff, through counsel, filed a motion to substitute David Ramirez as the Plaintiff in this action. (Doc. 20.) On June 6, 2022, the undersigned ordered supplemental briefing to address whether David Ramirez is an appropriate substitute given the absence of information about decedent's estate or the existence of other potential beneficiaries thereto. (Doc. 24.) On July 5, 2022, Plaintiff filed a supplement asking to substitute in decedent's three children—David Ramirez, Celia Ramirez, and Theodore Edward Sierra Jr.—as Plaintiffs.

1

(Doc. 25.) An opportunity was afforded for the filing of objections to the modified request. (Doc. 26.) On July 13, 2022, Defendant filed a statement of non-opposition to the substitutions. Accordingly, and for the reasons set forth below, the motion will be granted.

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. *Maseda v. Saul*, 1:20-cv-01657 JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).

This motion is timely, as it was filed within 90 days of the Suggestion of Death. "The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-CV-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021). The Complaint pleads the seven claims under California Government Code § 12940, et seq. ("FEHA"): (1) disability discrimination, (2) gender (sex) discrimination, (3) age discrimination, (4) failure to prevent discrimination, (5) failure to accommodate; (6) failure to engage in interactive process; and (7) retaliation. (*See generally* Doc. 1.) The complaint also alleges: (8) failure to reimburse business expenses in violation of California Labor Code § 2802; (9) violation of California Labor Code § 1102.5; and (10) wrongful termination in violation of public policy. (*Id*.) These claims are not extinguished by Plaintiff's death. *See* Cal. Civ. Proc. Code § 377.20 ("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period.").

Where, as is the case here, a suit is based on diversity jurisdiction, "state law determines who is a 'proper party' for the purposes of Rule 25(a)(1)." *Bustillos v. N.H. Ball Bearings, Inc*., No. CV 18-3017 PSG (JPRx), 2018 WL 6333680, at *2 (C.D. Cal. Nov. 6, 2018). Under

California law, the decedent's personal representative or, if none, the decedent's "successor in interest" is the proper party to be substituted. *See* Cal. Civ. Proc. Code § 377.31. A decedent's "successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Pro. Code § 377.11. Relatedly, the term "beneficiary of the decedent's estate" in § 377.11 is defined as follows:

> (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.
>
> (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code or, if the law of a sister state or foreign nation governs succession to the cause of action or particular item of property, under the law of the sister state or foreign nation.

Cal. Civ. Pro. Code § 377.10. The record now reflects that decedent died without leaving a will and has three surviving children. (*See* Doc. 25 & Attachments.) Therefore, it is appropriate to find that her three children are the successors in interest to the causes of action in this case and relatedly that they are the proper parties to be substituted in as Plaintiffs. Accordingly, all the requirements of Rule 25(a)(1) are satisfied.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) The motion to substitute (Doc. 20 as modified by Doc. 25) is **GRANTED**.

(2) The Clerk of Court is directed to substitute David Ramirez, Celia Ramirez, and Theodore Edward Sierra Jr., as Plaintiffs in place of Julia Martinez.

IT IS SO ORDERED.

Dated:   **July 15, 2022**

UNITED STATES DISTRICT JUDGE

3